**STATE of South Dakota, Appellee,**

v.

**Thomas L. PONCELET, Appellant.**

**No. 16877.**

Supreme Court of South Dakota.

Considered on Briefs May 25, 1990.

Decided Nov. 28, 1990.

---

David D. Wiest, Asst. Atty. Gen., Pierre, for appellee.

Paul J. Dold, Howard, for appellant.

PER CURIAM

Thomas L. Poncelet (Poncelet) appeals from a judgment convicting him of transporting an overwidth load without a permit, SDCL 32-22-52. We affirm.

Poncelet, who is not a farmer, is employed by Dold Implement Company of Howard, South Dakota. During mid-afternoon on August 25, 1989, Poncelet was transporting a new Glencoe Model S3-13W Soil Saver Series III disk plow (disk plow) to the state fair in Huron for display and exhibition by his employer.

Poncelet was driving a pickup owned by Dold Implement which was licensed with commercial plates. The pickup was pulling the disk plow which was 16 feet and 4 inches wide.

Poncelet stopped at a checkpoint for commercially licensed vehicles and trucks. The motor vehicle carrier inspector determined that the width of the disk plow exceeded the legal width of 8 feet 6 inches and that Poncelet did not have an overwidth permit. Poncelet was cited for "overwidth load without a permit (16.4 feet wide) in violation of SDCL 32-22-52."

The statute Poncelet was charged with violating, SDCL 32-22-52, provides, in pertinent part:

It is a Class 2 misdemeanor for *any person to* drive or *move* ... on any highway *any vehicle* or vehicles, *of a size* or weight *exceeding the limitations* stated in this chapter.... [emphasis supplied].

The width limitation for vehicles and their loads is found in SDCL 32-22-3:

*Except for farm machinery, no motor vehicle may operate* upon a public highway if the *width,* measured at the widest points, either of the vehicle or the *load,* exceeds *one hundred·two inches,* excluding any required safety equipment. A violation of this section is a Class 2 misdemeanor. [emphasis added].

A vehicle is defined as:

*every device* in, upon, or by which any person or property is or may be transported or *drawn upon a public highway,* except devices moved by human power or used exclusively upon stationary rails or tracks; including bicycles and ridden animals. [emphasis supplied].

SDCL 32–14–1(32) (defining terms used in chapter 32–22). Motor vehicles are defined as self-propelled vehicles. SDCL 32–14–1(15).

Thus it is a class 2 misdemeanor to move an oversized vehicle on a highway. SDCL 32–22–52. The width limitation for either "the vehicle or the load" is eight feet six inches. Dealers of oversize farm implements are required to obtain oversize permits to utilize state highways designated by the department of transportation. SDCL 32–22–41. In this case, the disk plow which was being drawn by the pickup exceeded the width restriction by seven feet and ten inches. Poncelet was drawing the plow for his implement dealer employer using the dealer's pickup.

Poncelet argues that the disk plow is a piece of farm machinery and is therefore exempt from the eight foot, six inch width limitation found in SDCL 32–22–3 since that statute specifically excepts farm machinery from its overwidth restriction. This argument fails, however, since, according to the plain language of the statute, ("[e]xcept for farm machinery, no motor vehicle may operate . . .") farm machinery is a sub-category of motor vehicles. Motor vehicles are a self-propelled class of vehicles. SDCL 32–14–1(15), SDCL 32–14–1(32). The disk plow is not self-propelled. It is a combination disk/chisel/plow designed to be pulled behind a tractor. Because it is not motorized, it is not excepted from the width restriction in SDCL 32–22–3.

Therefore Poncelet, as an employee of a farm implement *dealer*, using his employer's motor vehicle, *drawing* an overwidth disk plow (a "vehicle" under the statute) without a permit required by SDCL 32–22–41, was properly convicted of transporting an overwidth load on the highways of this state. SDCL 32–22–52.